MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
JOSE LUIS PASTOR, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

ABC METRO CLEANERS, INC. (D/B/A ABC CLEANER NYC), SAU YING WANG, DAVY MAK, JOSE DOE, and EMY DOE,

*Defendants.*
-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jose Luis Pastor ("Plaintiff Pastor" or "Mr. Pastor"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against ABC Metro Cleaners, Inc. (d/b/a ABC Cleaner NYC ), ("Defendant Corporation"), Sau Ying Wang, Davy Mak, Jose Doe, and Emy Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Pastor is a former employee of Defendants ABC Metro Cleaners, Inc. (d/b/a ABC Cleaner NYC), Sau Ying Wang, Davy Mak, Jose Doe, and Emy Doe.

2. Defendants own, operate, or control a laundry service, located at 184 Avenue C, New York, New York 10009 under the name "ABC Cleaner NYC".

3. Upon information and belief, individual Defendants Sau Ying Wang, Davy Mak, Jose Doe, and Emy Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the laundry service as a joint or unified enterprise.

4. Plaintiff Pastor was employed as an ironer at the laundry service located at 184 Avenue C, New York, New York 10009.

5. At all times relevant to this Complaint, Plaintiff Pastor worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to pay Plaintiff Pastor appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Pastor to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Pastor and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Pastor now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Pastor seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Pastor's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundry service located in this district. Further, Plaintiff Pastor was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Jose Luis Pastor ("Plaintiff Pastor" or "Mr. Pastor") is an adult individual residing in Bronx County, New York.

14. Plaintiff Pastor was employed by Defendants at ABC Cleaner NYC from approximately June 19, 2017 until on or about June 16, 2018.

15. Plaintiff Pastor consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a laundry service, located at 184 Avenue C, New York, New York 10009 under the name "ABC Cleaner NYC".

17. Upon information and belief, ABC Metro Cleaners, Inc. (d/b/a ABC Cleaner NYC) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 184 Avenue C, New York, New York 10009.

18. Defendant Sau Ying Wang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sau Ying Wang is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sau Ying Wang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Pastor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Davy Mak is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Davy Mak is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Davy Mak possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Pastor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Jose Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Doe is sued individually in his

capacity as a manager of Defendant Corporation. Defendant Jose Doe possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Pastor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Emy Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Emy Doe is sued individually in her capacity as a manager of Defendant Corporation. Defendant Emy Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Pastor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

22. Defendants operate a laundry service located in the Lower East Side section of Manhattan in New York City.

23. Individual Defendants, Sau Ying Wang, Davy Mak, Jose Doe, and Emy Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Pastor's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Pastor, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Pastor (and all similarly situated employees) and are Plaintiff Pastor's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Pastor and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Sau Ying Wang, Davy Mak, Jose Doe, and Emy Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Pastor's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Pastor, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Pastor's services.

30. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Pastor is a former employee of Defendants who was employed as an ironer.

33. Plaintiff Pastor seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Luis Pastor*

34. Plaintiff Pastor was employed by Defendants from approximately June 19, 2017 until on or about June 16, 2018.

35. Defendants employed Plaintiff Pastor as an ironer.

36. Plaintiff Pastor regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

37. Plaintiff Pastor's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Pastor regularly worked in excess of 40 hours per week.

39. From approximately June 2017 until on or about December 2017, Plaintiff Pastor worked from approximately 7:30 a.m. until on or about 5:00 p.m. to 5:30 p.m., six days a week (typically 57 to 60 hours per week).

40. From approximately January 2018 until on or about March 2018, Plaintiff Pastor worked from approximately 7:30 a.m. until on or about 5:00 p.m. to 5:30 p.m., five days a week for 2 weeks a month and from approximately 7:30 a.m. until on or about 5:00 p.m. to 5:30 p.m., six days a week for 2 weeks a month (typically 47.5 to 60 hours per week).

41. From approximately April 2018 until on or about June 16, 2018, Plaintiff Pastor worked from approximately 7:30 a.m. until on or about 5:00 p.m. to 5:30 p.m., six days a week (typically 57 to 60 hours per week).

42. Throughout his entire employment, Defendants paid Plaintiff Pastor his wages by check.

43. From approximately June 2017 until on or about June 16, 2018, Defendants paid Plaintiff Pastor at a piecemeal rate of $0.45 per piece even for pieces worked after Plaintiff exceeded the 40-hour threshold within a single week.

44. On average, Plaintiff Pastor was paid between $600 to $700 per week depending on the amount of completed pieces.

45. Defendants required Plaintiff Pastor to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

46. Defendants took improper and illegal deductions of Plaintiff Pastor's wages.

47. Defendants failed to pay Plaintiff a premium for the hours and pieces worked upon after Plaintiff Pastor worked more than 40 hours within a single week in violation of the FLSA and NYLL.

48. Defendants were not entitled to pay Plaintiff Pastor at a piecemeal rate under the FLSA and NYLL.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pastor regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Pastor an accurate statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Pastor, in English and in Spanish (Plaintiff Pastor's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Pastor (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

53. Plaintiff Pastor was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the proper wages he was owed for the hours he worked by neglecting to pay him a premium for overtime work and/or unlawfully applying a piecemeal rate against federal and state regulations.

54. Defendants' pay practices resulted in Plaintiff Pastor not receiving payment for all his hours worked and resulted in Plaintiff Pastor's effective rate of pay falling below the required minimum wage rate.

55. Defendants required Plaintiff Pastor to sign a document the contents of which he was not allowed to review in order to release his wages.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Pastor (and similarly situated individuals) worked, and to avoid paying Plaintiff Pastor properly for his full hours worked, particularly his overtime premium.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Pastor and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Pastor and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Pastor and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

62. Plaintiff Pastor brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff Pastor and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

64. The claims of Plaintiff Pastor stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65. Plaintiff Pastor repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Pastor's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Pastor (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69. Defendants failed to pay Plaintiff Pastor (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70. Defendants' failure to pay Plaintiff Pastor (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Pastor (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiff Pastor repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants failed to pay Plaintiff Pastor the proper premium for his overtime hours.

74. Defendants' failure to pay Plaintiff Pastor (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Pastor (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76. Plaintiff Pastor repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff Pastor's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Pastor, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Pastor less than the minimum wage.

79. Defendants' failure to pay Plaintiff Pastor the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Pastor was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

81. Plaintiff Pastor repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Pastor overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83. Defendants' failure to pay Plaintiff Pastor overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Pastor was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

85. Plaintiff Pastor repeats and realleges all paragraphs above as though fully set forth herein.

86. With each payment of wages, Defendants failed to provide Plaintiff Pastor with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87. Defendants are liable to Plaintiff Pastor in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pastor respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pastor and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pastor and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pastor's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Pastor and the FLSA Class members;

(f) Awarding Plaintiff Pastor and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Pastor and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pastor;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pastor;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Pastor's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Pastor;

(l) Awarding Plaintiff Pastor damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m) Awarding Plaintiff Pastor damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Pastor liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Pastor and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Pastor and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Pastor demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 5, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

MICHAEL FAILLACE & ASSOCIATES, P.C.
Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

June 28, 2018

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre: Jose Luis Pastor

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ______________________

Date / Fecha: June 28, 2018