# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place                                              Telephone: (212) 317-1200
60 East 42nd Street, Suite 4510                                       Facsimile: (212) 317-1620
New York, New York 10165                                             michael@faillacelaw.com

October 26, 2018

**VIA ECF**

Hon. Analisa Torres
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

    Re:    **Pastor v. ABC Metro Cleaners, Inc., et al.
                  Case No. 18-cv-6089 (AT)**

Dear Judge Torres:

This office represents Plaintiff Jose Luis Pastor in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

1. **Background**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiff alleges he was employed by Defendants at a laundromat called ABC Cleaner NYC for approximately one year. During his employment, Plaintiff alleged he regularly worked over 40 hours a week, and was paid at a piece rate by Defendants that failed to appropriately compensate him at the minimum wage and overtime rate.

Defendants categorically denied the allegations in the Complaint. Defendants contended both that Pastor did not work as many hours as he alleged, and that he was paid appropriately for the hours he worked, including overtime.

## 2. Settlement Terms

Plaintiff alleges he is entitled to back wages of approximately $7,200. Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $25,000, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

The parties have agreed to settle this action for the total sum of $12,500. The settlement will be paid in six payments by check: an initial payment of $3,000 followed by five monthly payments of $1,900 each. $7,890.00 of the settlement amount will be paid to the Plaintiff, with the remaining balance of $4,610.00 applied to attorneys' fees and costs.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012); *see Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016). In considering whether a settlement is fair and reasonable, the

principal question is whether the agreement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Pucciarelli v. Lakeview Cars, Inc.*, No. 16-CV-4751 (RRM) (RER), 2017 WL 2778029, at *1 (E.D.N.Y. June 26, 2017) (quoting *Le v. SITA Info. Networking Computing, USA, Inc.*, No. 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)); *see also In re Penthouse Executive Club Compensation Litig.,* No. 10-Civ.-1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (noting the inherent adversarial nature of a litigated FLSA case is "an adequate indicator of fairness of settlement").

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims. Specifically, Defendants contested: (1) the alleged shifts/hours worked by Plaintiff; and (2) Plaintiff's claims that he was not paid correctly at the minimum wage and overtime rate.

It is beyond dispute that the settlement did not result because of overreaching by the employer. The settlement was reached after several in person negotiations between Plaintiff's attorney and the *pro se* employer. Moreover, in light of various disputes concerning Plaintiffs' claims, this settlement should be approved. Although Defendants disputed the shifts Plaintiff worked, and the basis of his pay, Plaintiff will still receive (after attorneys' fees and costs) more than his calculated best-case scenario wages owed. He does so without having to engage in discovery and fave the risks inherent in any trial.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the

settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $4,610 from the settlement fund as attorneys' fees and costs. This represents actual costs plus one third of the recovery in this litigation after costs, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provide that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, and the repeated efforts the parties made to settle this action before an initial conference and discovery, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

Plaintiff's lodestar amount for attorneys' fees is $5,555.00, plus $665.00 in costs. A copy of Plaintiff's attorneys' billing records are annexed as Exhibit C. As such, the allocated attorneys' fees from the settlement are less than Plaintiff's attorneys' lodestar amount, further supporting approval of the attorneys' fees allocation.

A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Joshua Androphy's regular billing rate, which is used to calculate the lodestar amount, is $400 per hour. This is his regular billing rate for matters which he bills by the hour, and is a fair rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At his departure from Olshan Frome Wolosky his regular billing rate was $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's work is indicated by the initials "JA."

    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

             Respectfully submitted,

             /s/ Michael Faillace
             Michael Faillace, Esq.
             MICHAEL FAILLACE & ASSOCIATES, P.C.
             Attorneys for the Plaintiffs

Encls.

cc: Defendants' counsel (Via Email)