```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS PASTOR, individually and on behalf of others similarly situated,

                Plaintiff,

-against-

ABC METRO CLEANERS, INC. (D/B/A ABC CLEANER NYC), SAU YING WANG, DAVY MAK, JOSE DOE, and EMY DOE,

                Defendants.

18 Civ. 6089 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On July 5, 2018, Plaintiff, a former laundry service employee, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). The parties have settled, and by letter dated October 26, 2018, they seek Court approval of their settlement agreement ("the Settlement") and an award of attorney's fees to Plaintiff's counsel. Letter, ECF No. 30. Having carefully reviewed the parties' submissions, the Court identifies problems with the Settlement's release of claims.

      The release in Paragraphs 1 and 4 "waive[s] practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."[1] *Lopez v. Nights of Caribia, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) ("[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." (citation omitted) (ellipsis in original)). Additionally, the release runs in only one direction, and does not release Plaintiff from any potential claims by Defendant. *See Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 345 (S.D.N.Y. 2016) ("A mutual release would ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." (citation omitted)). The release must only discharge Plaintiff's wage-and-hour claims through the date of settlement and must be mutual.

---

[1] Paragraph 1 states that the payment is satisfaction of "any and all claims or potential claims [Plaintiff] may have against Defendants through the Effective Date of this Agreement." Settlement ¶ 1. Paragraph 4 states that "upon execution of this Agreement, all claims and/or potential claims by Plaintiff Jose Luis Pastor against Defendants in the Action, including but not limited to, claims for wages, liquidated damages related to wages, retaliation related to wages, and attorneys' fees related to wages, and without admission that Plaintiff has established that any such claims[] have any merit, or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved." Settlement ¶ 4, ECF No. 30-1.

2

     Accordingly, the Court cannot approve the Settlement as submitted.  By **November 20, 2018**, the parties shall submit a revised settlement agreement that comports with this Order.

     SO ORDERED.

Dated: November 1, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge
