UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS PASTOR, individually and on behalf of others similarly situated,

                       Plaintiff,

-against-

ABC METRO CLEANERS, INC. (D/B/A ABC CLEANER NYC), SAU YING WANG, DAVY MAK, JOSE DOE, and EMY DOE,

                       Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/12/2018
```

18 Civ. 6089 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On July 5, 2018, Plaintiff, a former laundry service worker, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. Compl., ECF No. 1. On October 26, 2018, the parties notified the Court that they reached a settlement and moved for approval of their settlement agreement. Letter, ECF No. 30. On November 1, 2018, the Court denied the motion without prejudice on the ground that the proposed settlement's release of claims "waive[s] practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," and was not mutual. ECF No. 31 at 1. On December 3, 2018, the parties filed a revised settlement agreement (the "Settlement"), and the parties have renewed their request for approval of the Settlement. ECF No. 34. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.    Legal Standard

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable

the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.   Analysis

The Settlement provides for Defendants to pay a total of $12,500, with Plaintiff to receive $7,890, and Plaintiff's counsel to receive $4,610 for attorneys' fees and costs. Settlement ¶ 1; Letter at 2. Plaintiff's letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be approximately $25,000. *Id.* The parties also assert that one of their primary motivators in reaching the Settlement was the existence of "various disputes concerning Plaintiff['s] claims," including a dispute over "the shifts Plaintiff worked, and the basis of his pay," and that by settling, Plaintiff does not have "to engage in discovery and fa[c]e the risks inherent in any trial." *Id.* at 3. Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.* The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is no longer overly broad, as it releases Defendants from "all claims and/or potential claims by Plaintiff Jose Luis Pastor against Defendants asserted in the Action, including but not limited to, claims for wages, liquidated damages related to wages, retaliation related to wages, and attorneys' fees related to wages." Settlement ¶ 4. Additionally, the Settlement now contains a mutual release of claims, "releas[ing] Plaintiff from any claims they have against Plaintiff related to the claims asserted in this [a]ction." *Id.* The Settlement also contains no confidentiality provision, nor does it contain a provision that restricts Plaintiff's future employment opportunities. The Court, therefore, is satisfied that the Settlement is fair and reasonable.

Turning to attorneys' fees, Plaintiff's counsel seeks to recover $4,610 in attorneys' fees and costs, reflecting one-third of the total value of the Settlement as fees plus actual costs. Letter at 4; Settlement ¶ 1. The Second Circuit favors the percentage-of-the-fund method of calculating attorneys' fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart*

*Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). As a check on the reasonableness of attorneys' fees, however, courts still calculate the total cost of attorneys' hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiffs' counsel's lodestar calculation is $6,220 in attorneys' fees and costs for work done by Michael Faillace & Associates, P.C. Billing Records, ECF No. 30-3. The billing records reflect time spent drafting the complaint, meeting to discuss settlement, and drafting letters to the Court. *See id.* Michael Faillace, lead counsel on the matter, billed 6.3 hours at a rate of $450 per hour. *Id.* at 1. Additional hours are billed by senior associate Joshua Androphy (6.8 hours at $400 per hour). *Id.* at 1–2. Faillace has extensive experience in wage-and-hour actions. Letter at 5. Although the Court observes that these rates are on the higher side,[1] a reduction is not necessary in light of counsel's effective representation of Plaintiff here. *See id.* at 3 (explaining that settlement was reached without having to engage in discovery and face the risks of a trial). Given that fact, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: December 12, 2018
New York, New York

_____
ANALISA TORRES
United States District Judge

3

---

[1] *E.g.*, *Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience."); *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("Indeed, courts in this District generally approve rates of . . . $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)).